(No. 80-CC-0948—

BARBARA A. WEINER and WEINER & EGLIT, LTD., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1980.*

WEINER AND EGLIT, LTD. (BARBARA A. WEINER, of counsel), for Claimants.

TYRONE C. FAHNER, Attorney General, for Respondent.

ROE, C. J.

This cause comes on to be heard on the motion by Claimants for summary judgment which was filed July 17, 1980. The Respondent has not objected.

As alleged in Claimants' motion we find that the facts are not in dispute. Pursuant to Ill. Rev. Stat. 1979, ch. 110½, par. 11a—106 Judge Walter Dahl, Presiding Judge of the Circuit Court of Cook County, Probate Division, appointed Claimants to act as guardians ad litem and counsel for 29 persons for whom petitions declaring

them disabled were pending. This took place in January, 1979. Claimant Weiner accepted the appointment and performed the required services. After completion of the appointed duties, the Court, having determined that the 29 persons each were indigent and unable to pay for the services rendered, entered an order directing that the State pay to Ms. Weiner a fee of $60.00 for her work with respect to each individual or a total of $1,740.00. Ms. Weiner has sought payment from the Probate Court, from the Mental Health Advocacy and State Guardianship Commission and from the Illinois Department of Mental Health. Each of those agencies claimed that it did not have an appropriation from which to pay her. As a result Ms. Weiner brought this claim on behalf of herself and her law firm.

We also find that Claimants are entitled to judgment as a matter of law. In so doing we have not considered any of the arguments set forth by Claimants in their memorandum in support of their motion for summary judgment. At this point in time they are irrelevant in view of the fact that there was an appropriation made by the General Assembly to pay for the services rendered by Claimants. See *Hayes v. State*, Case No. 80-CC-1433, Opinion filed 12/15/80. Sufficient funds have lapsed from which payment can be made.

It is hereby ordered that the motion of Claimants for summary judgment be, and hereby is, granted.